## T. W. BLAKELY v. THE STATE.

DRUGGIST.  *Retailing liquor without prescription.  Indictment.*

An indictment under the statutes against a druggist, for selling liquor without the prescription of a physician, must aver that he sold in less quantities than a gallon.

ERROR, to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

The motion of the plaintiff in error to quash the indictment against him upon the ground that it failed to aver that the liquor was sold in less quantities than one gallon was over-ruled, and he was tried and convicted.

*J. M. Allen* and *Blair & Clifton*, for the plaintiff in error.

A druggist's right to sell liquor is based on Code 1871, §§ 2456, 2463, which is not repealed by the act of April 17, 1873 (Acts 1873, p. 102), or the act of March 5, 1878 (Acts 1878, p. 16). Any one can sell by the gallon if he has a license.

*T. C. Catchings,* Attorney General, for the State.

CAMPBELL, J., delivered the opinion of the court.

Sect. 2456 of the Code, and " An act to regulate the sale of spirituous liquors by druggists," approved April 17, 1873 (Acts 1873, p. 102), and that part of " An act to regulate the tax on privileges and to provide a uniform license system," approved March 5, 1878 (Acts 1878, p. 12), which applies to the sale of vinous or spirituous liquors by druggists, all have reference to sales by druggists of less quantities than one gallon. Any person could sell vinous or spirituous liquor in quantities of one gallon or more, after paying the privilege tax of fifty dollars and obtaining the privilege license required by the act of March 5, 1878, recited above. A druggist could lawfully do this and sell by the gallon or more, as any other person, but he could not lawfully sell as a druggist smaller quantities than one gallon without the prescription of a physician. The indictment should have been quashed, because it does not aver that the party sold less than a gallon.

*Judgment reversed and indictment quashed.*